UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL SMILEY,

    Plaintiff,

v.                                                        CASE NO.  8:16-cv-1065-T-26AEP

NATIONSTAR MORTGAGE, LLC
*d/b/a* Champion Mortgage Co.,

    Defendant.

                                         /

**O R D E R**

Defendant has filed a motion to dismiss Plaintiff's complaint, thereby prompting this Court to examine its allegations. In the Court's view, the Plaintiff's complaint is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).[1] As in Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corporation, 305 F.3d 1293, 1295 (11th Cir. 2002), the

---

[1] The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large. 516 F.3d at 979-84; see also Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d F.3d 1313, 1321-22 (11th Cir. July 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings into four categories).

complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff shall replead the complaint within fifteen (15) days of this order.

2) Defendant shall file its response within fifteen (15) days of service.

3) The Motion to Dismiss (Dkt. 9) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on May 19, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record