UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL SMILEY,

    Plaintiff,

v.                                       CASE NO: 8:16-cv-1065-T-26AEP

NATIONSTAR MORTGAGE LLC,
d/b/a Champion Mortgage Company, and
VERTICAL LEND, INC.,

    Defendants.
_____/

**O R D E R**

    Defendant Nationstar Mortgage, LLC, has filed a motion to dismiss Plaintiff's amended complaint, thereby prompting this Court to examine its allegations. In the Court's view, the Plaintiff's amended complaint, as was his initial complaint, is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).[1] As in Strategic Income Fund,

---

[1] The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large. 516 F.3d at 979-84; see also Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings into four categories).

L.L.C. v. Spear, Leeds & Kellogg Corporation, 305 F.3d 1293, 1295 (11th Cir. 2002), the complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

Although the Plaintiff has had one opportunity to file an amended complaint, the Court, out of an abundance of caution, will allow him one more opportunity to file a complaint which conforms to the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b).[2]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)   Plaintiff shall replead the complaint within fifteen (15) days of this order.

2)   Defendant shall file its responses within fifteen (15) days of service.

3)   The Motion to Dismiss Amended Complaint (Dkt. 17) is denied as moot.

---

[2] The Court agrees with the Defendant's contention that Plaintiff has wholly failed to plead fraud against it with the particularity required by Rule 9(b).

**DONE AND ORDERED** at Tampa, Florida, on July 1, 2016.

                    s/*Richard A. Lazzara*
                  **RICHARD A. LAZZARA**
                  **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record