## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NATHANIEL SMILEY,

    Plaintiff,

v.                                CASE NO.  8:16-cv-1065-T-26AEP

NATIONSTAR MORTGAGE LLC, d/b/a
Champion Mortgage Company, and
VERTICAL LEND, INC.,

    Defendants.
_____/

## O R D E R

**BEFORE THE COURT** is Defendant Nationstar Mortgage LLC, d/b/a Champion Mortgage Company's Motion to Dismiss the Second Amended Complaint (Dkt. 22).[1] After careful consideration of the allegations of the second amended complaint (Dkt. 19), the argument of the Defendant Nationstar, and the applicable law, the Court concludes that Plaintiff has failed to allege any cognizable claim for relief.

### FRAUDULENT INDUCEMENT

---

[1] On August 5, 2016, this Court entered an order at docket 23 directing the Plaintiff to file a response to the motion to dismiss within the time required by Local Rule 3.01(b) and warning Plaintiff's counsel that failure to do so would result in the Court ruling on the motion without the benefit of a response from the Plaintiff. Plaintiff's counsel, for some unknown reason, has failed to file a timely response to the motion to dismiss so the Court has no other alternative but to consider the merits of the motion without a response from the Plaintiff.

The second amended complaint represents Plaintiff's third and final attempt to allege a claim for relief. The first count, "Inducement of Fraud," is exactly the same as the count alleged by the same title in the first amended complaint, save the deletion of the last two paragraphs. Those paragraphs alleged that Defendant Nationstar knew or should have known that Defendant Vertical Lend, Inc. (Vertical Lend) in 2007 had induced Elvira Smiley, long since divorced from George Smiley, to quitclaim her interest in the marital home in addition to the interest of the heirs and devisees of the estate of George Smiley, deceased, to herself.

The underlying facts are as follows. In 1980, the divorce court awarded Elvira Smiley possession of the marital home until she remarried or the youngest child became an adult at which time the property was to be sold by agreement of the parties. When George Smiley died in 2003, Elvira Smiley continued to live in the home. In 2007, Elvira Smiley quitclaimed the property to herself and obtained a reverse mortgage with the assistance of Vertical Lend.[2] Nationstar holds the note and reverse mortgage secured by the home. Elvira Smiley died in January 2011. In 2012, Nationstar sued to foreclose the mortgage in state court. Plaintiff Nathaniel Smiley, the son of George and Elvira Smiley,

---

[2] Prior to the quitclaim deed executed with the assistance of Vertical Lend on October 18, 2007, Elvira Smiley quitclaimed her interest in May 2007 to her daughter Linata Smiley who was also living in the house at the time. In August 2007, Linata Smiley quitclaimed her interest to Elvira Smiley. Plaintiff alleges the property was not "probated to the siblings" as part of George Smiley's estate and, therefore, Linata could not quitclaim Plaintiff's interest in August 2007.

resides in the home. Plaintiff alleges that Vertical Lend knew or should have known that Elvira Smiley was not the proper party to execute the quitclaim deed and therefore induced Elvira Smiley to commit fraud in the execution of the quitclaim deed to obtain a reverse mortgage she was not qualified to obtain. Based on these facts, Plaintiff further alleges that Nationstar knew or should have known that the quitclaim deed and the note executed by Elvira Smiley were premised on fraud in the inducement.

As argued by Nationstar, the second amended complaint, assuming the allegations as true and construing them in the light most favorable to the Plaintiff, does not state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Rather, it continues to represent the quintessential shotgun pleading as this Court has ruled before, by wholly incorporating all paragraphs of the complaint into the second and final count. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015); Davis v. Coca-Cola Bottling Co. v. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Failure to correct such pleadings, given ample opportunity, supports dismissal. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (holding district court did not abuse its discretion in failing to permit filing of third amended complaint for "repeated failure to cure deficiencies by [previous] amendments" and quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In addition to the failure to correct the obvious flaws, there are no allegations supporting fraud, much less allegations of fraud with the particularity required by Rule of Civil Procedure 9(b), committed by Nationstar. To plead fraudulent inducement and comply with Rule 9(b), the plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) as quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1264, 1371 (11th Cir. 1997)). The facts as alleged do not state a claim for relief for fraudulent inducement against Nationstar. It is not explained how Nationstar should or could have known about a fraudulent inducement that Vertical Lending committed in 2007. No connection has been alleged between Vertical Lending such that its actions are attributable to Nationstar.

**WRONGFUL FORECLOSURE**

The second count alleging "illegal bank foreclosure" also fails to state a claim for relief. To the extent such a claim is cognizable in Florida, it requires the wrongful sale of property, which has not occurred here. Courts in the Middle District have held that Florida does not recognize a cause of action for wrongful foreclosure. See Raines v.

GMAC Mortgage Co., No. 3:09-cv-477, 2009 WL 4715969, at *2 (M.D. Fla. Dec. 10, 2009); Perez v. IndyMac FSB, No. 6:12-cv-1146, 2012 WL 12538952, at *4 (M.D. Fla. Nov. 5, 2012). To the extent some courts mention wrongful foreclosure claims in Florida, those courts note that the real property must be sold at a foreclosure sale before any such action might be brought. See Hack v. Wachovia Bank, N.A., No. 12-cv-21436, 2012 WL 3043017, at *3 (S.D. Fla. July 25, 2012) (citing Raines); In re: Taylor, Bean & Whitaker Mortgage Corp., No. 3:09-bk-7047-JAF, 2011 WL 5245420, at *5 (Bank. M.D. Fla. Oct. 24, 2011) (citing Raines); Wells Fargo Bank, N.A. v. Averett Family P'ship, LLLP, No. 4:12-cv-140, 2012 WL 6728058, at *6 (M.D. Ga. Dec. 28, 2012) (citing Raines). Absent the ability to allege that the property has been sold, the Plaintiff cannot allege a claim for relief.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Second Amended Complaint (Dkt. 22) is **granted**. This case is dismissed with prejudice as to Defendant Nationstar.

As to the Defendant Vertical Lend, Inc., Plaintiff shall show cause in writing on or before August 30, 2016, regarding the status of service of process on Defendant Vertical Lend, Inc., failing which the case as to that Defendant will be dismissed without prejudice and without further notice pursuant to Local Rule 3.10(a).

**DONE AND ORDERED** at Tampa, Florida, on August 23, 2016.

GMAC Mortgage Co., No. 3:09-cv-477, 2009 WL 4715969, at *2 (M.D. Fla. Dec. 10, 2009); Perez v. IndyMac FSB, No. 6:12-cv-1146, 2012 WL 12538952, at *4 (M.D. Fla. Nov. 5, 2012). To the extent some courts mention wrongful foreclosure claims in Florida, those courts note that the real property must be sold at a foreclosure sale before any such action might be brought. See Hack v. Wachovia Bank, N.A., No. 12-cv-21436, 2012 WL 3043017, at *3 (S.D. Fla. July 25, 2012) (citing Raines); In re: Taylor, Bean & Whitaker Mortgage Corp., No. 3:09-bk-7047-JAF, 2011 WL 5245420, at *5 (Bank. M.D. Fla. Oct. 24, 2011) (citing Raines); Wells Fargo Bank, N.A. v. Averett Family P'ship, LLLP, No. 4:12-cv-140, 2012 WL 6728058, at *6 (M.D. Ga. Dec. 28, 2012) (citing Raines). Absent the ability to allege that the property has been sold, the Plaintiff cannot allege a claim for relief.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Second Amended Complaint (Dkt. 22) is **granted**. This case is dismissed with prejudice as to Defendant Nationstar.

As to the Defendant Vertical Lend, Inc., Plaintiff shall show cause in writing on or before August 30, 2016, regarding the status of service of process on Defendant Vertical Lend, Inc., failing which the case as to that Defendant will be dismissed without prejudice and without further notice pursuant to Local Rule 3.10(a).

**DONE AND ORDERED** at Tampa, Florida, on August 23, 2016.

      s/*Richard A. Lazzara*
      **RICHARD A. LAZZARA**
      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record